UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------

JOHN JACKSON,

                Petitioner,

                -against-

MR. GRAHAM, *Superintendent of Auburn Correctional Facility*,

                Respondent.

---------------------------------------------------

16cv9595

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

        John Jackson brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking an order vacating his judgment of conviction. This Court referred the matter to Magistrate Judge Debra C. Freeman for a Report and Recommendation. On December 18, 2018, Magistrate Judge Freeman recommended that this Court deny Jackson's petition in its entirety as time barred (the "Report"). (ECF No. 34.) Jackson did not file formal objections but referenced objections in several letters he filed in the wake of the Report. (See ECF Nos. 37-39.) Nevertheless, this Court granted Jackson a further opportunity to file formal objections. (ECF No. 40.) Jackson failed to do so. Accordingly, this Court construes Jackson's various letters as his objections to the Report (the "Objections"). Having reviewed the Report and the underlying record, this Court adopts the Report in full and overrules the Objections. Accordingly, the petition is dismissed.

## DISCUSSION

I.  Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge. 28 U.S.C. § 636(b)(1). This Court reviews de novo the portions of the Report to which objections are made and reviews the remainder for clear error on the face of the record. 28 U.S.C. § 636(b)(1); Mulosmanaj v. Colvin, 2016 WL 4775613, at *2 (S.D.N.Y. Sept. 14, 2016). To trigger de novo review, objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." George v. Prof'l Disposables Int'l, Inc., 221 F. Supp. 3d 428, 433 (S.D.N.Y. 2016) (citation and quotation mark omitted). Conclusory or general objections are only entitled to clear error review. Pineda v. Masonry Constr., Inc., 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011).

Because Jackson is proceeding pro se, his petition is held to "less stringent standards than [those] drafted by lawyers." Santiago v. United States, 187 F. Supp. 3d 387, 388 (S.D.N.Y. 2016) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). And this Court must liberally construe his papers "to raise the strongest arguments they suggest." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quotation marks omitted). However, pro se litigants are "not exempt from compliance with relevant rules of procedural and substantive law." Carrasco v. United States, 190 F. Supp. 3d 351, 352 (S.D.N.Y. 2016) (quotation marks omitted).

The only parts of the Objections that address the Report's reasoning—even tangentially—are several appendices discussing Jackson's mental health in 2008 and 2018. This Court construes those documents to argue that Jackson was unable to timely file his petition due to mental health issues. However, while the appendices may suggest that Jackson had mental health issues, they do not show how those issues affected Jackson's ability to file his petition on

2

time.  Indeed, as discussed in the Report, Jackson filed numerous legal documents between 2008 and 2013, demonstrating that any mental health issues did not impede his ability to litigate cases. And surely mental health issues from 2018—long after the statute of limitations had run—are irrelevant.  Moreover, even if the appendices were relevant, this Court need not consider documents filed with objections that were not on the record before the magistrate judge.  See Taebel v. Sonberg, 2018 WL 2694429, at *1 (S.D.N.Y. June 5, 2018); Fischer v. Forrest, 286 F. Supp. 3d 590, 603 (S.D.N.Y. 2018).

Beyond those appendices, the Objections do not specifically address any of the Report's reasoning.  Accordingly, they are entitled only to clear error review.  This Court has reviewed Magistrate Judge Freeman's thorough and well-reasoned Report and finds that it is not erroneous on its face.  See 28 U.S.C. § 636(b)(1)(C).  Therefore, the Report is adopted in its entirety, the Objections are overruled, and the petition is dismissed

## CONCLUSION

For the foregoing reasons, this Court adopts the Report in full and the petition is dismissed.  Because Jackson has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued.  See 28 U.S.C. § 2253(c).  This Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 444 (1962).  The Clerk of Court is directed to terminate all pending motions, mark this case as closed, and mail a copy of this Memorandum & Order to Jackson.

Dated: August 14, 2019
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.